Donald Friedman, 2005D3494
Napa County Jail
1125 Third Street
Napa, CA 94559-3015

Plaintiff Pro Se

In the United States District Court
for the District of Columbia

Donald Friedman
2005D3494
Napa County Jail
1125 Third Street
Napa, CA 94559-3015
    Plaintiff,

v.

Joint Non-Lethal Weapons Directorate
3099 Range Road
Quantico, VA 22134-5100;

U.S. Marine Corps
Headquarters - USMC
2 Navy Annex (CMC)
Washington, DC 20380-1775;

Case No.: 06-0169-RWR

2nd Amended Complaint for Declaratory and Injunctive Relief Under 5 U.S.C. §552 (FOIA)

RECEIVED
MAY 26 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

U.S. AIR FORCE
1670 AIR FORCE PENTAGON
WASHINGTON, DC 20330-1670;

DEPARTMENT OF DEFENSE
1000 DEFENSE PENTAGON
WASHINGTON, DC 20301-1000
    DEFENDANTS.

## COMPLAINT

### INTRODUCTION

1. THIS IS AN ACTION UNDER THE FREEDOM OF INFORMATION ACT ("FOIA"), AS AMENDED, TO COMPEL THE DEFENDANTS TO PRODUCE ALL AVAILABLE WRITTEN DESCRIPTIONS OF AND COLOR PHOTOS OF ANY PERMANENT OR TEMPORARY MARKS, INJURIES, WOUNDS, BLEMISHES, BURNS, ETC. WHICH WERE, COULD HAVE BEEN, OR COULD BE LEFT ON (OR INFLICTED UPON) ANY PERSON OR ANIMAL, DUE TO ANY USE OR TESTING ON

2.

them of any narrow-beam (less than 1" in diameter at point of impact) version of any millimeter-wave based weapon (active denial technology, active denial system, etc.)

## PARTIES

2. Plaintiff, Donald Friedman, is over 18 years old and a citizen of the State of California, and is incarcerated as an unsentenced, pre-trial, pro se prisoner at the Napa County Jail, Napa, California. The Plaintiff is the requestor of the records.

3. Defendant, Joint Non-Lethal Weapons Directorate, an agency/entity within the Department of Defense, an ~~Executive~~ Executive Department of

3.

the United States, has possession and/or control over a substantial portion of the records the Plaintiff seeks. The Defendant, Joint Non-Lethal Weapons Directorate ("JNLWD") is a Directorate comprised of all branches of the U.S. Military and it oversees and is responsible for all U.S. Military development and testing of nonlethal weapons, including the weapons to which the Plaintiff is seeking related records. The JNLWD is an agency within the meaning of 5 U.S.C. §552(f).

4. The Defendant, U.S. Marine Corps, a branch of the Department of Defense, an Executive Department

OF THE UNITED STATES, HAS POSSESSION AND/OR CONTROL OVER A SUBSTANTIAL PORTION OF THE RECORDS THE PLAINTIFF SEEKS. DEFENDANT, U.S. MARINE CORPS ("USMC"), THROUGH ITS COMMANDANT, IS THE DESIGNATED EXECUTIVE AGENT FOR THE DEFENDANT, JNLWD. THE USMC IS AN AGENCY WITHIN THE MEANING OF 5 U.S.C. § 552(f).

5. THE DEFENDANT, U.S. AIR FORCE, A BRANCH OF THE DEPARTMENT OF DEFENSE, AN EXECUTIVE DEPARTMENT OF THE UNITED STATES, HAS POSSESSION AND/OR CONTROL OVER A SUBSTANTIAL PORTION OF THE RECORDS THE PLAINTIFF SEEKS. THE DEFENDANT, U.S. AIR FORCE, HAS

5.

CONDUCTED RESEARCH, DEVELOPMENT, AND TESTING OF THE WEAPONS TO WHICH THE PLAINTIFF IS SEEKING RELATED RECORDS AND IS THE ORIGINAL DEVELOPER OF THE WEAPONS. THE U.S. AIR FORCE ("USAF") IS AN AGENCY WITHIN THE MEANING OF 5 U.S.C. § 552(f).

6. THE DEFENDANT, DEPARTMENT OF DEFENSE, AN EXECUTIVE DEPARTMENT OF THE UNITED STATES, HAS POSSESSION AND/OR CONTROL OVER ALL OF THE RECORDS THE PLAINTIFF SEEKS. THE DEPARTMENT OF DEFENSE ("DOD") IS AN AGENCY WITHIN THE MEANING OF 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B). Venue is proper in this court pursuant to 5 U.S.C. §552.

## COUNT ONE

8. As early as 1989, and continuing until the present, each of the Defendants have developed and tested a millimeter-wave based directed energy weapon, sometimes referred to as "Active Denial Technology" ("ADT") and/or "Active Denial System" ("ADS").

9. By letter, dated November 26, 2005 to the FOIA office at the JNLWD (FOIA Manager, c/o Director's Office, Joint Non-Lethal Weapons

Directorate, 3099 Range Road, Quantico, VA 22134-5100), the Plaintiff requested all available written descriptions of and color photos of any permanent or temporary marks, injuries, wounds, blemishes, burns, etc. which were, could have been, or could be left on (or inflicted upon) any person due to any use or testing on them of any narrow-beam (under 1" in diameter at point of impact) version of any millimeter-wave weapon (ADT, ADS, etc.). See attached, Exhibit "A," a true and correct copy of a similar letter which the Plaintiff sent to the Defendant, JNLWD (except for the address the letter is the same).

8.

10. The Defendants (DOD, USMC, and JNLWD), through the JNLWD's FOIA office, have refused to respond to the Plaintiff's statutorily perfected request for records within the 20 day mandated time limit and that refusal to respond acts as a statutorily defined exhaustion of the Plaintiff's applicable administrative remedies. See 5 U.S.C. §552(a)(6)(A)(i).

11. Plaintiff has a statutory right to the records he seeks, Plaintiff made a statutorily perfected FOIA request, and the Defendants are illegally refusing to disclose those records to the Plaintiff.

## Count Two

12. The Plaintiff repleads paragraphs 1-8 and incorporates them here.

13. By letter, dated November 22, 2005 to the FOIA office at the USAF in Kirtland AFB, NM (FOIA Office/Manager, 377 MSG/SCBIF, 1952 First Street, Kirtland AFB, NM 87117-5666), the Plaintiff requested all available written descriptions of and color photos of any permanent or temporary marks, injuries, wounds, blemishes, burns, etc. which were, could have been, or could be left on (or inflicted upon) any person due to any use or testing on them of

10.

any narrow-beam (under 1" in diameter at point of impact) version of any millimeter-wave weapon (ADT, ADS, etc.). See attached, Exhibit "B," a true and correct (written) copy of the letter which the Plaintiff sent to the Defendant, USAF.

14. The Defendants (DOD, USAF, and JNLWD), through the USAF's (Kirtland AFB) FOIA office, have refused to respond to the Plaintiff's statutorily perfected request for records within the 20 day mandated time limit and that refusal to respond acts as a statutorily

11.

DEFINED EXHAUSTION OF THE PLAINTIFF'S APPLICABLE ADMINISTRATIVE REMEDIES. SEE 5 U.S.C. § 552 (a)(6)(A)(i).

15. PLAINTIFF HAS A STATUTORY RIGHT TO THE RECORDS HE SEEKS, PLAINTIFF MADE A STATUTORILY PERFECTED FOIA REQUEST, AND THE DEFENDANTS ARE ILLEGALLY REFUSING TO DISCLOSE THOSE RECORDS TO THE PLAINTIFF.

## COUNT THREE

16. THE PLAINTIFF REPLEADS PARAGRAPHS 1-8 AND INCORPORATES THEM HERE.

17. BY LETTER, DATED NOVEMBER 26, 2005 TO THE

FOIA OFFICE AT THE USAF IN BROOKS AFB, TX (FOIA OFFICE/MANAGER, MR. DAVID CAMERON, 311TH CS/SCSD, 2404 CHAMBERS PKWY., BROOKS AFB, TX 78235-5111), THE PLAINTIFF REQUESTED ALL AVAILABLE WRITTEN DESCRIPTIONS OF AND COLOR PHOTOS OF ANY PERMANENT OR TEMPORARY MARKS, INJURIES, WOUNDS, BLEMISHES, BURNS, ETC. WHICH WERE, COULD HAVE BEEN, OR COULD BE LEFT ON (OR INFLICTED UPON) ANY PERSON DUE TO ANY USE OR TESTING ON THEM OF ANY NARROW-BEAM (UNDER 1" IN DIAMETER AT POINT OF IMPACT) VERSION OF ANY MILLIMETER-WAVE WEAPON (ADT, ADS, ETC.). SEE EXHIBIT "B," A TRUE AND CORRECT

13.

(WRITTEN) COPY OF A SIMILAR LETTER TO THE ONE SENT TO THE DEFENDANT, USAF, WHICH DIFFERS ONLY IN THE DATE AND ADDRESS BEING DIFFERENT.

18. THE DEFENDANTS (DOD, USAF, AND JNLWD), THROUGH THE USAF's (BROOKS AFB) FOIA OFFICE, HAVE REFUSED TO RESPOND TO THE PLAINTIFF's STATUTORILY PERFECTED REQUEST FOR RECORDS WITHIN THE 20 DAY MANDATED TIME LIMIT AND THAT REFUSAL TO RESPOND ACTS AS A STATUTORILY DEFINED EXHAUSTION OF THE PLAINTIFF's APPLICABLE ADMINISTRATIVE REMEDIES. SEE 5 U.S.C. § 552(a)(6)(A)(i).

19. Plaintiff has a statutory right to the records he seeks. Plaintiff made a statutorily perfected FOIA request, and the Defendants are illegally refusing to disclose those records to the Plaintiff.

## Count Four

20. The Plaintiff repleads paragraphs 1-8 and incorporates them here.

21. By letter, dated February 3, 2006 to the FOIA offices at the Joint Non-Lethal Weapons Directorate, U.S. Air Force at Brooks Air Force Base, and U.S. Air Force at Kirtland Air Force Base (all named Defendants), the Plaintiff

15.

REQUESTED ALL AVAILABLE WRITTEN DESCRIPTIONS OF

AND COLOR PHOTOS OF ANY PERMANENT OR TEMPORARY

MARKS, INJURIES, WOUNDS, BLEMISHES, BURNS, ETC.

WHICH WERE, COULD HAVE BEEN, OR COULD BE LEFT

ON (OR INFLICTED UPON) ANY ANIMAL DUE TO ANY

USE OR TESTING ON THEM OF ANY NARROW-BEAM

(UNDER 1" IN DIAMETER AT POINT OF IMPACT) VERSION

OF ANY MILLIMETER-WAVE WEAPON (ADT, ADS, ETC.).

SEE EXHIBIT "C", A TRUE AND CORRECT COPY OF THE

RESPONSE FROM THE JNLWD.

22. THE DEFENDANTS (DOD, USAF, AND JNLWD), THROUGH

THEIR FOIA OFFICES (WITH THE EXCEPTION OF THE

16.

JNLWD, WHICH DID RESPOND) HAVE REFUSED TO RESPOND TO THE PLAINTIFF'S STATUTORILY PERFECTED REQUESTS FOR RECORDS WITHIN THE 20 DAY MANDATED TIME LIMIT AND THAT REFUSAL TO RESPOND ACTS AS A STATUTORILY DEFINED EXHAUSTION OF THE PLAINTIFF'S APPLICABLE ADMINISTRATIVE REMEDIES. THE DEFENDANT JNLWD DID RESPOND TO THE PLAINTIFF'S ORIGINAL FOIA REQUEST WITH A LETTER, HOWEVER, THE JNLWD FAILED TO ~~RESPOND~~ PROVIDE THE REQUESTED RECORDS AND PHOTOS WITHIN THE ~~20 DAY~~ STATUTORY TIME LIMIT AND THAT FAILURE ACTS AS A STATUTORILY DEFINED EXHAUSTION OF THE PLAINTIFF'S APPLICABLE ADMINISTRATIVE REMEDIES. SEE 5 U.S.C. § 552(a)(6)(4)(i).

17.

23. Plaintiff has a statutory right to the records he seeks. Plaintiff made statutorily perfected FOIA requests, and the Defendants are illegally refusing to disclose those records to the Plaintiff.

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendants' refusal to disclose the records requested by Plaintiff is unlawful;

(2) Order the Defendants to make the requested records available to Plaintiff;

(3) Award Plaintiff his reasonable attorney's fees

AND COSTS IN THIS ACTION AS PROVIDED BY 5 U.S.C.

§552(a)(4)(E); AND

(4) GRANT SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.

RESPECTFULLY SUBMITTED,

DATED: MAY 17, 2006

DONALD FRIEDMAN
PLAINTIFF PRO SE

RECEIVED

MAY 2 6 2006

19.