UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD FRIEDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-169 (RWR) |
| ) | Electronic Case Filing |
| UNITED STATES NONLETHAL ) | |
| WEAPONS DIRECTORATE et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7.1(h), Defendants respectfully submit this Statement of Material Facts as to which they contend there is no genuine dispute.

1. Plaintiff made FOIA requests to Defendants via letters dated November 26, 2005, February 3, 2006 and April 24, 2006. See Declaration of Dr. Garrett D. Polhamus (hereinafter "Polhamus Decl.") at ¶¶ 3, 14, 21; Exhibits A, F, and J to Polhamus Decl.

**Mr. Friedman's November 26, 2005 FOIA request (FOIA # 06-0008-HS)**

2. Mr. Friedman sent a letter dated November 26, 2005 to "FOIA Officer/Manager (88 CG/SCCM), 3810 Communications Blvd., Area A, Wright-Patterson AFB, OH 45433-7802" requesting "copies of all available written descriptions of and color photos of any permanent or temporary marks, injuries, wounds, blemishes, burns, etc. which were, could have been, or could be left on (or inflicted upon) any person due to any use or testing on them of any narrow-beam (under 1" at point of impact) version of any millimeter-wave weapon (Active Denial Technology and/or Active Denial System)." Polhamus Decl. at ¶ 4; Ex. A to Polhamus Decl.

3.  The Active Denial System (ADS) and Active Denial Technology (ADT) are being developed. Polhamus Decl. at ¶ 5. The Radio Frequency Radiation Branch (AFRL/HEDR) of the Air Force Research Laboratory, Directed Energy Bioeffects Division ("AFRL/HED") in conjunction with the United States Marine Corps Joint Non-Lethal Weapons Directorate ("USMC JNLWD") are investigating the resulting bioeffects, or effects on living organisms such as humans from ADS and ADT. Id. ADS utilizes ADT, which is the targeting of directed energy waves to overcome an individuals' pain threshold by rapidly heating that individual's skin. Id. The result is that the individual is repelled and/or stopped without causing thermal damage to his or her skin or causing other secondary effects. Id.

4.  AFRL/HED is the custodian of records for all Department of Defense (DoD) bioeffects projects related to ADS and/or ADT. Polhamus Decl. at ¶ 6. Specifically, all such bioeffects information is in the possession of and held by AFRL/HEDR. Id. As such, Mr. Friedman's request was routed to AFRL/HED. Polhamus Decl. at ¶ 7.

5.  On December 20, 2005, Dr. Garrett D. Polhamus, Chief of AFRL/HED at Brooks City-Base, Texas, determined that additional records responsive to Mr. Friedman's request may be located at USMC JNLWD. Polhamus Decl. at ¶¶ 1,7; Ex. B to Polhamus Decl. On January 3, 2006, Mr. David Cameron, FOIA Manager, 311th Communications Squadron, forwarded Mr. Friedman's request to USMC JNLWD. Polhamus Decl. at ¶ 7; Ex. C to Polhamus Decl. Mr. Cameron is retired from the DoD, but previously provided FOIA support to AFRL/HED. Polhamus Decl. at ¶ 7. Mr. Cameron informed Mr.

Friedman of this transfer via correspondence dated January 3, 2006. Id.; Ex. D to Polhamus Decl.

6. Dr. Polhamus initiated a data search of all records relating to "any permanent or temporary marks, injuries, wounds, blemishes, burns, etc. which were, could have been, or could be left on (or inflicted upon) any person due to any use or testing on them of any narrow-beam (under 1" at point of impact) version of any millimeter-wave weapon (Active Denial Technology and/or Active Denial System)" through Lieutenant Colonel Noel D. Montgomery, AFRL/HEDR, Ms. Stephanie Miller, AFRL/HEDR and Major William Pramenko, USMC JNLWD. Polhamus Decl. at ¶ 8. Lt Col Montgomery is the Chief of AFRL/HEDR and oversees the direction and control of all operations of AFRL/HEDR, including ADS and ADT. Id. Ms. Miller is the Technical Advisor at AFRL/HEDR and Bioeffects Program Manager for the ADS and ADT projects. Id. Major Pramenko is the Health Effects Officer for USMC JNLWD. Id.

7. Historic information relating to the bioeffects of ADS and ADT is stored on a central network hard drive at AFRL/HED and organized under the user Team ADS. Polhamus Decl. at ¶ 9. The files under user Team ADS are further subdivided by topic. Id. In addition, photographs stored under user Team ADS are all grouped together, further subdivided by event. Id. Lieutenant Colonel Montgomery and/or Ms. Miller manually reviewed all files and photographs under Team ADS to identify documents relating to injuries, wounds, blemishes, burns, etc to any person due to a narrow-beam (under 1" at point of impact) version of ADT or ADS as specified by Mr. Friedman in his November 26, 2005 letter. Id.

8. Current information relating to the bioeffects of ADS and ADT is kept by individual investigators in working files, all of which are assigned to AFRL/HEDR. Polhamus Decl. at ¶ 10. Lieutenant Colonel Montgomery and/or Ms. Miller hand searched these files to identify documents relating to injuries, wounds, blemishes, burns, etc to any person due to a narrow-beam (under 1" at point of impact) version of ADT or ADS as specified by Mr. Friedman in his November 26, 2005 letter. Id.

9. USMC JNLWD maintains paper files of information relating to the human effects caused by ADS and ADT. Polhamus Decl. at ¶ 11. USMC JNLWD also maintains a shared drive of information relating to ADS and ADT, with information being stored on computer hard drives accessible by Major Pramenko, Dr. Mary Williams and Dr. Bruce Wright. Id. Dr. Williams is an on-site contractor who provides support to the Joint Non-Lethal Weapons Directorate Health Effects Officer. Id. Dr. Wright is a civil service employee who acts as an interface between program managers and the Non-lethal Weapons Human Effects Center of Excellence ("NLW-HECOE"). Id. Major Pramenko hand searched the paper files and searched the shared drive and individual hard drives to identify documents relating to injuries, wounds, blemishes, burns, etc. to any person due to a narrow-beam (under 1" at point of impact) version of ADT or ADS as specified by Mr. Friedman in his November 26, 2005 letter. Id.

10. The searches described in Paragraphs 7, 8, and 9 above produced twelve (12) photographs relating to injuries, wounds, blemishes, burns, etc to any person due to narrow-beam (under 1" at point of impact) version of ADT or ADS. Polhamus Decl. at ¶ 12.

11. Via correspondence dated April 19, 2006, Mr. J. B. Bennett, counsel for United States Marine Corps, Marine Corps System Command, responded to Mr. Friedman's November 26, 2005 letter and the Complaint and forwarded the above described twelve (12) photographs. Polhamus Decl. at ¶ 13; Ex. E to Polhamus Decl. These twelve photographs represent all the DoD records responsive to Mr. Friedman's November 26, 2005 letter. Polhamus Decl. at ¶ 13.

### Mr. Friedman's February 3, 2006 FOIA request

12. Mr. Friedman sent a letter dated February 3, 2006 to "FOIA Manager, HAF/ICIOD (FOIA), 1000 Air Force Pentagon, Washington, DC 20330-1000" requesting "color photos of any permanent or temporary marks, injuries, wounds, blemishes, burns, etc. which were, could have been, or could be left on (or inflected upon) any animal due to any use or testing on them of any narrow-beam (under 1" in diameter at point of impact) version of any millimeter-wave energy weapon (Active Denial Technology, Active Denial System, etc.)" See Polhamus Decl. at ¶ 14; Ex. F to Polhamus Decl. This request was broader than Mr. Friedman's November 26, 2005 letter; Mr. Friedman enlarged his original request to include *photographs of animal use and/or testing* as well as human-testing related information. Polhamus Decl. at ¶ 14

13. Via correspondence dated March 21, 2006, Mr. John M. Espinal, Chief, Documentation Information & Services Branch, HAF/ICIOD (FOIA), forwarded Mr. Friedman's February 3, 2006 letter to AFRL/HED. Polhamus Decl. at ¶ 15; Ex. G to Polhamus Decl. Via correspondence dated March 21, 2006, Mr. Espinal informed Mr. Friedman that HAF/ICIOD is not the office of primary responsibility for his request and that, as such,

      the request was forwarded to AFRL/HED. Polhamus Decl. at ¶ 16; Ex. H to Polhamus Decl.

14. All photographs of ADS and ADT use and/or testing on animals are housed on under the computer directory "Thermal" on the computer server "Shogun" at AFRL/HED. Polhamus Decl. at ¶ 17. Except as stated in Paragraph 17 below, all such photographs have never been disclosed, distributed or otherwise disseminated outside of AFRL. Id. Dr. Polhamus initiated a search of the "Thermal" directory through Ms. Miller, AFRL/HEDR. Id. Ms. Miller viewed every photograph housed under the "Thermal" directory. Id.

15. The searches described above in Paragraph 14 produced 987 records. Polhamus Decl. at ¶ 18. Dr. Polhamus was provided these results and reviewed each record to determine if it was responsive to Mr. Friedman's request and/or covered by an exemption to FOIA. Id. In making this determination, Dr. Polhamus consulted with the 311 Human Systems Wing Staff Judge Advocate General's Office (311 HSW/JA) for legal review. Id. 311 HSW/JA provides legal support for AFRL/HED. Id.

16. Dr. Polhamus determined that 459 of the records described in Paragraph 15 above were responsive to Mr. Friedman's February 3, 2006 letter. Polhamus Decl. at ¶ 19. None of the records described in Paragraph 15 are covered by an exemption to FOIA. Id. These photographs were never classified. Id.

17. The photographs (459 total) were forwarded to Mr. Friedman via correspondence from Colonel Thomas G. Crossan Jr., Staff Judge Advocate, 311 HSW/JA, dated July 24, 2006. Polhamus Decl. at ¶ 20; Ex. I to Polhamus Decl. Dr. Polhamus believes that

these photographs represent all the DoD records responsive to Mr. Friedman's February 3, 2006 letter.  Polhamus Decl. at ¶ 20.

### Mr. Friedman's April 24, 2006 FOIA request

18. Mr. Friedman sent a letter dated April 24, 2006 to Mr. Kenneth Wainstein, United States Attorney, regarding this matter.  Polhamus Decl. at ¶ 21; Ex. J to Polhamus Decl.  This letter was forwarded to AFRL/HED.  Polhamus Decl. at ¶ 21.  The letter thanked Mr. Wainstein for the release of the photographs described in Paragraphs 10 and 11 above.  Id.  The letter also rephrased Mr. Friedman's November 26, 2006 request to include a request for additional information.  Id.  Mr. Friedman broadened his request to include information related to program(s) described at the webpage at http://www.sandia.gov/news-center/news-releases/2005/def-nonprolif-sec/active-denial.html.  Polhamus Decl. at ¶ 21; Ex. K to Polhamus Decl.  This webpage describes ADS and ADT.  Polhamus Decl. at ¶ 21.  In addition, Mr. Friedman broadened his request to include "all weapon-effect related research notes, bench notes, etc" regarding human effects from "very-narrow-beam ADT/ADS."  Id.

19. The individuals named in Paragraph 6 above conducted similar searches to those described above in Paragraphs 7, 8, and 9, except that the information searched for was regarding:

   a. Small beam size Active Denial Technology tested on humans; and,

   b. The project described at http://www.sandia.gov/news-center/news-releases/2005/def-nonprolif-sec/active-denial.html.  Polhamus Decl. at ¶ 22.

20. The searches described above in Paragraph 19 produced five records. Polhamus Decl. at ¶ 23. Dr. Polhamus was provided these results and reviewed each record to determine if it was responsive to Mr. Friedman's requests and/or covered by an exemption to FOIA. Id. In making this determination, Dr. Polhamus consulted with 311 HSW/JA. Id.

21. Dr. Polhamus determined that three of the five records described above in Paragraph 20 were responsive to Mr. Friedman's April 24, 2006 letter and not covered by an exemption to FOIA. Polhamus Decl. at ¶ 24. These documents were never classified. Id. These documents are a report entitled *Effects of a 400-W, 95-Ghz, Active Denial Technology Subsystem on Non-Stationary Humans Engaged in Goal-Directed Behavior*, Final Technical Report, April 2006; presentation slides entitled *FSEP ADT Human Effects Testing & Futures*, April 13, 2006; and, presentation slides entitled *FSEP 400-W, 95-GHz Transmitter Experiment 1: Static Exposures Preliminary Results*, February 15, 2006. Id.

22. The documents identified in Paragraph 21 above were forwarded to Mr. Friedman via the correspondence from Col Crossan dated July 24, 2006. Polhamus Decl. at ¶ 25. To the best of Dr. Polhamus' knowledge, these three documents represent all the DoD records responsive to Mr. Friedman's April 24, 2006 letter that are not covered by an exemption to FOIA. Id.

23. The searches described in Paragraph 19 above produced two records that were properly classified in accordance with Executive Order No. 12, 958 and remain properly classified. Polhamus Decl. at ¶ 26. These documents are exempt from disclosure under 5 U.S.C. § 552(b)(1) and Department of Defense Regulation 5400.7/Air Force Supplement, paragraph C3.2.1.1 and have been withheld in full. Id. This exemption requires

      Government agencies to withhold classified information provided that such information is classified in accordance with Executive Order No. 12958, as amended, 68 Fed. Reg. 15,315 (28 March 2003), reprinted in 50 U.S.C.A. § 435 note (West Supp. 2003) and summarized in FOIA Post (posted 11 April 2003). Id. There is no discretion regarding the release of properly classified information. Id.

24. Dr. R. Earl Good, SES, DAF, formerly Director, Directed Energy Directorate, Kirtland AFB, NM. was the original classification authority. Polhamus Decl. at ¶ 27. Dr. Polhamus was not the original classification authority for the withheld documents, but he relies on the determination of those who do have the original classification authority. Id.

25. The withheld documents, and thus the classified information, are owned by and under the control of the U.S. government. Polhamus Decl. at ¶ 27.

26. The information contained within the withheld documents falls within the following categories contained in Section 1.5 of Executive Order 12958: (a) military plans, weapons systems or operations, (e) scientific, technological or economic matters relating to national security and (g) vulnerabilities or capabilities of systems, installations, projects or plans relating to national security. Polhamus Decl. at ¶ 27. The original classification authority, by virtue of publishing a security classification guide, has determined that the unauthorized disclosure of the withheld documents could reasonably be expected to result in damage to national security. Executive Order 12958, Section 1.5, (a), (e) and (g). Id.

27. Each withheld document was marked as required and stamped with the proper classification designation in accordance with Executive Order 12958 Sections 1.7 (a)(1)-(5). Polhamus Decl. at ¶ 28. Also, each document was marked to indicate clearly that

each document is classified in its entirety as set forth in Executive Order 12958, Section 1.6. Id.

28. The prohibitions and limitations on classification specified in Executive Order 12958 Section 1.8 and the declassification policies set forth in Executive Order 12958 Section 3.2 were followed. Polhamus Decl. at ¶ 28.

29. Specifically, none of the information contained in the withheld documents can be reasonably segregated and released and/or provided to Mr. Friedman. Polhamus Decl. at ¶ 28.

30. These records consist of reports and data files relevant to the operation of ADS. Polhamus Decl. at ¶ 29. A description of each of the two withheld documents follows:

a. Technical Report for Dosimetry.

Title: "Dosimetry of the Department of Energy, 400-W, 95-GHz Transmitter"

Classification: Classified Document

Date of Release: December 2005

Synopsis: Dosimetry of the Department of Energy (DoE) 400-W, 95-GHz transmitter is performed in preparation for human exposure experiments that address the safety and effectiveness of this system as a non-lethal weapon (NLW).

b. Technical Report for Experiment 1 (Static Targets, Brooks).

Title: "Effects of 400-W, 95-GHz, Millimeter Wave Energy on Stationary Humans"

Classification: Classified Document

Date of Release: Report not yet finalized, anticipated August 2006

Synopsis: The safety and effectiveness of several millimeter wave (MMW), directed energy systems are under investigation by AFRL/HEDR for potential use as non-lethal weapons (NLWs). Accordingly, the Department of Energy (DoE) 400-W, 95-GHz transmitter, a recently developed prototype system statically mounted on a tripod with a manually adjustable subreflector for beam focusing, is used for MMW energy exposures of stationary human subjects, performed under Protocol #F-BR-2005-0057-H, in order to determine the incident power density required to produce intolerable pain as exhibited by subjects escaping from the transmitted beam. Id.

Dated: August 18, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

Counsel for Defendants

Of Counsel:
Nicholas Doukas, Capt., USAF
311 HSW/JA
8010 Chennault Path
Brooks City-Base, TX 78235